UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 697 JMB |
| ) | |
| STATE AUTOMOBILE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand to the Circuit Court of Saint Louis City from which it was removed. Defendant has filed a response in opposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.      Background**

Plaintiff Joe Boyd seeks uninsured motorists coverage under a policy of automobile insurance issued by defendant State Automobile Mutual Insurance Company. He filed suit in the Circuit Court of St. Louis City asserting claims for coverage and vexatious refusal to pay, seeking damages in an amount in excess of $25,000, plus statutory penalties and attorney's fees pursuant to Mo.Rev.Stat. § 375.420. Defendant timely removed the matter to this Court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a). Plaintiff now seeks remand, arguing that the amount in controversy does not exceed the jurisdictional threshold. It is undisputed that complete diversity of citizenship exists here because plaintiff is a citizen of Missouri and defendant is incorporated and has its principal place of business in Ohio.

**II.     Legal Standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620. The Court's jurisdiction "is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011).

When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." Id. Missouri state law prohibits plaintiffs from specifying damages in their state court complaints and, accordingly, the Court looks to the Notice of Removal to determine the amount in controversy. Harris v. Meridian Med. Techs., Inc., No. 4:21-CV-00229 JCH, 2021 WL 1750154, at *1 (E.D. Mo. May 4, 2021); Mo. R. Civ. P. 55.05 ("no dollar amount shall be included in the demand except to determine the proper jurisdictional authority.").

To demonstrate the amount in controversy is met, the defendant must prove the "jurisdictional fact" of the amount by a preponderance of the evidence. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002); see also In re Prempro, 591 F.3d at 620; Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." Kopp, 280

F.3d at 885. Additionally, the defendant's burden is merely a pleading requirement, not a demand for proof. See Raskas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013).

If the defendant sufficiently explains how damages may plausibly exceed $75,000, the burden then shifts to the plaintiff seeking remand, who must prove that it is legally impossible to recover more than $75,000. See id. (stating in CAFA case, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . .the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much"). To meet this "legal certainty" standard, the plaintiff must show that the jurisdictional amount could not be recovered "as a matter of law" or that "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." Kopp, 280 F.3d at 885. A plaintiff may not rely on the unlikelihood of recovering the requisite amount, as "[e]ven if it is highly improbable that the Plaintiff will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." Raskas, 719 F.3d at 888.

**III.   Discussion**

Defendant's removal of this matter is based largely on a pre-suit demand letter. See Apr. 14, 2021 letter [Doc. # 1-5]. According to the letter, plaintiff was treated at an urgent care center immediately after the accident and was diagnosed with sprain of the cervical spine ligaments; strain of muscle, fascia, and tendons of the lower back; and pain in the right hip. He was placed on restricted duty and referred to physical therapy. He was later diagnosed with cervicalgia, neck pain, and lower back pain. He had incurred $29,000 in medical bills. Plaintiff asserted that, based on the evidence, a jury would return a verdict in his favor for more than $75,000, and stated that he was willing to settle for "$75,000 or the policy limits." Id. (emphasis added).

3

As a general matter, settlement demands are "relevant evidence of the amount in controversy if it appears to reflect a *reasonable estimate* of the plaintiff's claim." Wang v. Pac. Cycle, Inc., 530 F. Supp. 2d 1048, 1051 (S.D. Iowa 2008) (emphasis in original). Notwithstanding the pre-suit demand, plaintiff now argues that defendant cannot satisfy the jurisdictional requirement because, as defendant concedes, the insurance policy caps uninsured motorist coverage at $25,000. Adding statutory penalties in the amount of $2,650[1] for vexatious refusal, defendant would have to show by a preponderance of the evidence that plaintiff's reasonable statutory attorney's fees are likely to exceed $47,300 to meet the jurisdictional threshold. See Crawford v. F. Hoffman–La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees, like those awardable under Mo. Rev. Stat. § 375.420, do count toward the jurisdictional minimum for diversity jurisdiction."). Defendant has not attempted to meet its burden to show that such an attorney fee is reasonable in this case. See Romano v. Grinnell Mut. Reinsurance Co., No. 08-3063-CV-S-SWH, 2008 WL 11337250, at *3 (W.D. Mo. May 21, 2008) (granting motion to remand where defendant failed to provide information as to amount of likely fees under § 375.420).

Defendant argues that the policy under which plaintiff sues covered two vehicles and that, therefore, plaintiff may be able to stack the coverage and recover $50,000.[2] Plaintiff has not

---

[1] The Missouri vexatious-refusal statute allows a court or jury to award "damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee[.]" Mo.Rev.Stat. § 375.420.

[2] "As relevant here, '[s]tacking refers to an insured's ability to obtain multiple insurance coverage benefits for an injury . . . from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle.'" Midwestern Indem. Co. v. Brooks, 779 F.3d 540, 542 (8th Cir. 2015) (quoting Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009) (en banc)).

4

addressed this argument, but the Court's review of the policy indicates that it prohibits stacking of coverages.  See Policy, Uninsured Motorists Coverage, Limit of Liability[3] [Doc. # 14-1].

The Court finds that defendant has failed to meet its burden to show, by a preponderance of the evidence, that damages could plausibly exceed $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. # 14] is **granted**.

**IT IS FURTHER ORDERED**  that the Clerk of Court shall remand this matter to the Circuit Court of St. Louis City from which it was removed.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of July, 2021.

---

[3] A.  The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident.  Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.
This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.